IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00082-CR

 

Lovoria Michelle Turner,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court # 03-01082-CRM-CCL2

 



MEMORANDUM Opinion



 








      Appellant appeals her conviction for
misdemeanor possession of marijuana.  See Tex. Health & Safety Code Ann. § 481.121 (2003).  We
will affirm.

      In Appellant’s first issue, she contends
that the evidence that she possessed marijuana was factually insufficient.  The
evidence that Appellant possessed marijuana was as follows.  Officers
responding to a call smelled an “overwhelming” odor of burning marijuana coming
from an apartment.  When Appellant opened the apartment door, a “wave of gray
marijuana smoke” billowed out.  Officers could smell the odor of burnt
marijuana on Appellant’s person and breath from some distance away.  Officers
searched the apartment pursuant to consent by Appellant and the apartment
renter.  In the room that Appellant said was hers were two partially smoked
marijuana cigars, one still warm from having been smoked, and a scale and
plastic bags suitable for use in the distribution of marijuana.  Appellant
admitted that she had been smoking marijuana.  Officers did not smell the odor
of marijuana on the other persons present in the apartment.  Considering all of
the evidence in a neutral light, the jury was rationally justified in finding
beyond a reasonable doubt that Appellant possessed marijuana.  See Zuniga v.
State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004).  The evidence is
factually sufficient.  Appellant’s first issue is overruled.

      In Appellant’s second issue, she contends
that the trial court erred in reading testimony back to the jury.  See Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 1981).  On appeal, Appellant contends that the jury’s “request was inadequate to
show a disagreement that would allow testimony to be read.”  At trial,
Appellant’s only objection was, “I think it’s nonresponsive to the question and
I think it may give—give undue weight to the evidence.”  Appellant’s claim on
appeal does not comport with her objection at trial, thus she has preserved
nothing for review.  See Tex. R.
App. P. 33.1(a); Resendiz v. State, 112 S.W.3d 541, 547 (Tex.
Crim. App. 2003), cert. denied, 541 U.S. 1032 (2004); Ibarra v.
State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).  Appellant’s second issue
is overruled.

      Having overruled Appellant’s issues, we
affirm the judgment.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Memorandum
opinion delivered and filed June 1, 2005

Do
not publish

[CR25]